NORTHERN LUMBER & FIBRE CO. v. PAQUETTE.

(Circuit Court of Appeals, First Circuit. May 27, 1909.)

No. 808.

MASTER AND SERVANT (§§ 288, 289*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—ACTIONS—QUESTIONS FOR JURY.

Where plaintiff, a young man 21 years old, who had never worked with machinery, was set to work in defendant's pulp mill, without instructions or warning, to operate a machine for taking the bark from logs and slabs which he was required to hold against the cutting knives of a rapidly revolving disk, and lost some of his fingers by their coming in contact with the knives owing to the "jumping" of a slab, which was liable to occur at intervals because of knots in the slabs, but which he had not before seen, the questions of his assumption of risk and contributory negligence were properly submitted to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1132; Dec. Dig. §§ 288, 289.*]

In Error to the Circuit Court of the United States for the District of New Hampshire.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Merrill Shurtleff (Drew, Jordan, Shurtleff & Morris, on the brief), for plaintiff in error.

Henry F. Hollis, for defendant in error.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

LOWELL, Circuit Judge. The defendant in error, hereinafter called the plaintiff, sued the plaintiff in error, hereinafter called the defendant, to recover for injuries received in the defendant's pulp mill while he was operating a machine called a "barker." This was used to remove the bark from logs and slabs. Four knives were set radially upon a circular disk projecting slightly from its surface; the disk made from 1,000 to 1,200 revolutions a minute. The side of the log or slab carrying the bark was pressed against the revolving disk so that the knives removed the bark and, to some extent, smoothed the surface of the log or slab.

The plaintiff was 21 years old. He came from a farm to the defendant's pulp mill about two weeks before the accident. He had been a logger in the woods, but had not before worked on machinery. During these two weeks he had been "lugging wood to use into the stove," "feeding the rack," and "cutting slabs" on a circular saw. Two or three times before the accident he had worked on the barker without difficulty from three-quarters of an hour to an hour. In the middle of the night he was roused from his bed by the night boss, and was set to work on the barker. About two hours later he barked a slab which still carried the spikes formerly driven into it. The sparks flew, and the knives were dulled. There was evidence tending to show that slabs having knots in them "jumped" more than others when held against the barker; also that the jumping was greater when the knives were dull. The operator was then compelled to increase his pressure on the slab against the disk. The jumping was generally away from the barker against the operator's pressure, but, two or three hours after the plaintiff's encountering the nails, a slab which he was pressing against the barker was thrown violently from the disk, his hands came in contact with the knives, and he lost three or four fingers. There was evidence that this more violent jumping occurred infrequently, once or twice a week. The plaintiff had never seen it, and testified that he had not been warned about it. The defendant asked the court to direct a verdict in its favor. The learned judge refused, and the defendant duly excepted. The jury found a verdict for the plaintiff, and the defendant brought this writ of error. In this court the defendant rested its case upon the plaintiff's alleged assumption of the risk involved in the operation of the barker, and his alleged contributory negligence.

But the plaintiff had little experience of machinery, and had worked but little upon the machine in question when he was aroused at midnight, five or six hours before the accident happened. That the barker was in some respects dangerous he knew; that logs and slabs did not always lie quiet against the revolving disk his experience had proved. He found himself compelled to hold them there by the ex-

ercise of some force, but the evidence warranted the jury in finding that he did not know, when the dulled knives came in contact with knots or like obstacles, that the slab would occasionally be flung from the barker with great and extraordinary force beyond his strength to hold the slab in place, so that the protection given his hands by the slab might be suddenly removed and his fingers cut off. This danger called for a warning, and there was evidence that no warning had been given. Under all these circumstances, we are not able to say that the learned judge of the court below erred in submitting to the jury, under instructions otherwise unobjectionable, the question of the plaintiff's assumption of risk and contributory negligence. Exceptions overruled.

The judgment of the Circuit Court is affirmed, and the defendant in error recovers his costs in this court.